UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT DADDIO, et al,
          Plaintiffs,

-vs-                                        Case No. 6:05-cv-1499-Orl-19JGG

WILLIAM I. NORWOOD,
          Defendant.

ORDER

Plaintiffs seek to compel a non-party, the Orlando Regional Health Care System, Inc. d/b/a Arnold Palmer Hospital for Children & Women ("ORHS"), to produce the credentialing and personnel files for Defendant Dr. William I. Norwood in Orlando, Florida as discovery in twelve unconsolidated civil actions pending in District Court in the Eastern District of Pennsylvania ("Pennsylvania cases").[1] Docket No. 24 at 4-5. Similar subpoenas seeking credentialing information for Norwood have been issued in multiple jurisdictions, including this district, the Eastern District of Pennsylvania, and the District of Delaware. Docket No. 7 at 6. ORHS and Norwood filed memoranda in opposition to Plaintiff's motion to compel, objecting to production of the credentialing file[2] on the grounds that the

---

[1] The Pennsylvania cases are as follows: *Farrell v. The A.I. Dupont Hospital for Children of the Nemours Foundation, et. al.*, 6:04-cv-3877; *Svindland v. The A.I. Dupont Hospital for Children of the Nemours Foundation, et. al.*, 6:05-cv-417; *Daddio et. al. v. The A.I. Dupont Hospital for Children of the Nemours Foundation, et. al.*, 6:05-cv-441; *Reger v. The A.I. Dupont Hospital for Children of the Nemours Foundation, et. al.*, 6:05-cv-661; *Kerr v. The A.I. Dupont Hospital for Children of the Nemours Foundation, et. al.*, 6:05-cv-662; *Watson v. The A.I. Dupont Hospital for Children of the Nemours Foundation, et. al.*, 6:05-cv-674; *Newkirk v. The A.I. Dupont Hospital for Children of the Nemours Foundation, et. al.*, 6:05-cv-719; *Madden v. The A.I. Dupont Hospital for Children of the Nemours Foundation, et. al.*, 6:05-cv-787; *Faustino v. The A.I. Dupont Hospital for Children of the Nemours Foundation, et. al.*, 6:05-cv-3002; *Papcoda v. The A.I. Dupont Hospital for Children of the Nemours Foundation, et. al.*, 6:05-cv-3003; *Everwine v. The A.I. Dupont Hospital for Children of the Nemours Foundation, et. al.*, 6:05-cv-3004; *Newkirk v. The A.I. Dupont Hospital for Children of the Nemours Foundation, et. al.*, 6:05-cv-3812.

[2] ORHS states that it cannot produce Norwood's personnel file because it does not have the file. Docket No. 24 at 4. Therefore, the only file in dispute is Norwood's credentialing file.

subpoena seeks information that is privileged and confidential under state "medical peer review statutes." Docket Nos. 25 and 26.

## I. PROCEDURAL HISTORY

### A. Pennsylvania

On February 1, 2005, Plaintiffs filed twelve unconsolidated actions in the Eastern District of Pennsylvania against Defendants William I. Norwood, the Nemours Foundation, and the A.I. Dupont Hospital for Children of the Nemours Foundation, seeking to hold them liable for medical malpractice, fraud, conspiracy, negligent infliction of emotional distress, and for violations of the Rehabilitation Act, 29 U.S.C. §701. *See, e.g., Daddio et. al. v. The A.I. DuPont Hospital for Children of the Nemours Foundation, et. al.*, Case No. 2:05-cv-441-BMS, Docket No. 1. Norwood was the director of the Nemours Cardiac Center within A.I. Dupont Hospital for Children in Wilmington, Delaware. Docket No. 24 at 5. He also directed the Nemours Cardiac Center within the Arnold Palmer Hospital in Orlando, Florida. *Id.* The Nemours Foundation owns both Nemours Cardiac Centers. *Id.* ORHS operates the Arnold Palmer Hospital. *Id.*

On October 28, 2005, the Honorable Berle M. Schiller, United States District Judge in the Eastern District of Pennsylvania, assumed responsibility over discovery for the twelve Pennsylvania cases pursuant to a stipulation and order in which all counsel agreed that Judge Schiller would hear their discovery disputes. *See, e.g., Daddio et. al.*, 2:05-cv-441-BMS, Docket No. 21. On December 7, 2005, Defendants filed memoranda in all Pennsylvania cases briefing all discovery issues pending before Judge Schiller as of December 1, 2005. *Id.*, Docket Nos. 23 and 24. On December 23, 2005, Judge Schiller issued an order in the Pennsylvania cases resolving all discovery disputes pending

before him as summarized in the Defendants' December 7, 2005 brief on all discovery issues. *Id.*, Docket No. 25. Judge Schiller ruled that "[t]he contents of Dr. Norwood's credentialing file" are "not subject to discovery by Plaintiffs." *Id.* at 3.

B.   **Florida**

On September 27, 2005, Norwood filed, in this Court, a motion to quash the subpoena to ORHS ("ORHS subpoena") that sought production of his personnel and credentialing files. Docket No. 1. Plaintiffs filed a memorandum in opposition to the motion. Docket No. 6. Plaintiffs also filed a "cross motion to defer" the motion to quash and "transfer the case" to the Eastern District of Pennsylvania pursuant to Fed. R. Civ. P. 26(c) (Docket No. 7) which Plaintiffs' later withdrew (Docket No. 11). On October 18, 2005, the undersigned denied Dr. Norwood's motion to quash on the ground that it was signed by counsel who were not admitted to practice in this Court. Docket No. 17.

On October 24, 2005, Plaintiffs filed a motion to compel compliance with the ORHS subpoena (Docket No. 18), which the Court denied without prejudice for failure to comply with Local Rule 3.01(g) on November 1, 2005 (Docket No. 22). Counsel for ORHS filed a notice of appearance on November 2, 2005. Docket No. 23. On November 3, 2005, Plaintiffs filed the motion to compel compliance with the ORHS subpoena now before the Court. Docket No. 25. ORHS filed a memorandum opposing the motion on November 17, 2005 (Docket No. 25), and Dr. Norwood filed a similar memorandum in opposition on November 18, 2005 (Docket No. 26).

## II. THE LAW

### A. Motions to Compel and Motions for Protective Orders

A motion for an order compelling discovery that is directed to a non-party shall be made to the court in the district where the discovery is being taken, or is to be taken. Fed. R. Civ. P. 37(a)(1). Applications for orders compelling disclosure from non-parties, therefore, are made to the court in the district where the discovery is to be taken, and failure to comply with such an order is contempt of that court. Fed. R. Civ. P. 37(a)(1)-(b).

A motion to quash a subpoena, however, must be initially brought in the court that issued the subpoena. Fed. R. Civ. P. 45(c)(3)(A); *Fincher v. Keller Indus.*, 129 F.R.D. 123, 125 (M.D. N.C. 1990). The Federal Rules of Civil Procedure allow enforcement of a subpoena following objections only "pursuant to an order of the court by which the subpoena was issued." Fed. R. Civ. P. 45(c)(2)(B). The 1991 amendments to Rule 45(c) now "make it clear that motions to quash, modify, or condition the subpoena are to be made to the district court of the district from the subpoena issued. It is the issuing court that has the necessary jurisdiction. . . ." 9A C. WRIGHT, A. MILLER, FED. PRACTICE AND PROCEDURE: CIVIL 2D § 2459 at 40-41 (1995).

Rule 26(c), on the other hand, authorizes the issuance of protective orders by 1.) the court in which the action is pending, or 2.) on matters relating to a deposition, the court in the district where the deposition is to be taken. Fed. R. Civ. P. 26(c). The Advisory Committee Notes to the 1970 amendments state that "[t]he court in the district where the deposition is being taken may, and frequently will, remit the deponent or party to the court where the action is pending." Advisory Committee Note on 1970 Amendments to Fed. R. Civ. P. 26(c). If the court in which the deposition

is to be taken "remits" the matter to the court handling the case on the merits pursuant to Rule 26(c), the trial court has jurisdiction to decide the motion. *In re Digital Equip. Corp.*, 949 F.2d 228, 230-31(8th Cir.1991); *Petersen v. Douglas County Bank & Trust Co.*, 940 F.2d 1389, 1391 (10th Cir. 1991); 6 JAMES WM. MOORE ET AL., MOORE'S FED. PRACTICE, § 26.102[3] (3d ed.1997) ("The court in the district where the deposition is to be taken has the power to grant or deny the protective order, but also has discretion to defer to the judge handling the case on the merits.") (footnote omitted).

### B.     Abstaining in Favor of the Court in Which the Underlying Case is Pending

When a non-party receives a subpoena, the nonparty 1.) can seek to quash or modify the subpoena under Fed. R. Civ. P. 45(c)(3)(A); 2.) can request a protective order under Fed. R. Civ. P. 26(c); or 3.) can object to the production of documents by opposing a motion to compel under Fed. R. Civ. P. 45(c)(2)(B). Only Rule 26(c) (governing protective orders), however, expressly permits flexibility as to forum in cases in which discovery disputes involve multiple courts. Fed. R. Civ. P. 26(c). Unlike Rule 26(c), Rules 37 and 45 have no express process for "remitting" a discovery dispute to another court. Courts are divided as to whether the court in the district where discovery is sought may transfer motions to compel and quash to the court in the district where the underlying action is pending. The United States Court of Appeals for the Eleventh Circuit has not ruled on the issue, and the Court has found no authority on point in the Eleventh Circuit on the transfer of non-party subpoenas *duces tecum* to the court in which the underlying litigation is proceeding.

The Eighth and Tenth Circuits have allowed transfers of discovery disputes involving subpoenas issued under Fed. R. Civ. P. 45. *See In re Digital Equip. Corp.*, 949 F.2d at 231(finding that the court that issued deposition subpoenas under Rule 45 "may remit" consideration to the court

where the underlying action is pending pursuant to Fed. R. Civ. P. 26(c)); *Peterson,* 940 F.2d at 1391(finding that the transfer of discovery disputes to the court where the underlying action is pending was "not improper simply because the transferred matter involved a motion to quash under Rule 45"). The Seventh and D.C. Circuits have found transfer of discovery disputes to be inappropriate. *See In re Sealed Case*, 141 F.3d 337, 342 (D.C. Cir. 1998)(overturning the transfer of motions to quash and compel related to a non-party subpoena as contradictory to the language of Fed. R. Civ. P. 45); *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 79 F.3d 46, 48 (7th Cir. 1996)(in dicta, criticizing transfer of discovery disputes, and advocating that the court in which the discovery dispute is pending stay the dispute and defer to the court handling the case on the merits).

Both the Seventh and D.C. Circuits principally object to one court's outright transfer of a discovery motion to another court. Both circuits, however, state that it would be appropriate for the court in which the discovery dispute is pending to stay its proceedings and defer to the trial court's resolution of a motion for protective order. *In re Sealed Case*, 141 F.3d at 342-43 ; *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 79 F.3d at 48. The court in which the discovery motion is pending could abstain from ruling on the motion, invite the non-party to file a motion for protective order with the trial court, and defer to the trial court's decision on the motion for protective order. *In re Sealed Case*, 141 F.3d at 342.

## II.   **APPLICATION**

The Court sees no reason why the "remittal" procedure available for motions for protective order is not equally applicable to motions to compel. Without a doubt, a motion to compel is the mirror image of a motion for a protective order. There is no reason to risk inconsistent ruling by

judges in different states simply to avoid remittal. Similarly, there is no reason for a motion to remain pending before this Court when this Court abstains from ruling pending a decision by the presiding judge.

In resolving this discovery dispute, the primary issue is whether the Court should apply federal or state law of privilege given the pendency of a federal claim.[3] In the Pennsylvania cases, the discovery disputes also centered on the same question of whether to apply state peer review privileges.[4] Defendants' arguments before Judge Schiller mirror their arguments (and those of non-party ORHS) in opposing the motion to compel before this Court. *Compare id.* at 14-25 *with* Docket Nos. 25 at 7-20 and 26 at 6-19. This Court need not decide whether federal or state privilege law applies. Judge Schiller is best situated to decide whether the discovery sought pertains to the state

---

[3] ORHS and Norwood object to the ORHS subpoena on the ground that Norwood's credentialing file is privileged under Florida common law and medical "peer review" statutes. Docket Nos. 25 at 7-8 and 26 at 6-8. Plaintiffs argue that the Court should apply federal law which does not recognize a medical peer review privilege, and order ORHS to produce Norwood's credentialing file. Docket No. 24 at 10-12. In deciding whether state or federal privilege law applies in a case with both state and federal claims, the Court must determine whether the requested documents relate to the state claims. *In re Int. Horizons, Inc.*, 689 F.2d 996, 1003 (11th Cir. 1982). Federal Rule of Evidence 501 provides that federal courts apply state rules of evidentiary privilege "with respect to an element of a claim or defense as to which State law supplies the rule of decision." Fed. R. Civ. P. 501. The federal law of privilege governs if the information sought is principally related to the federal claim, even where the evidence sought might also be relevant to a state claim. *Hancock v. Hobbs*, 967 F.2d 462, 466-67 (11th Cir. 1992); *see also, Mem. Hosp. For McHenry County v. Shadur*, 664 F.2d 1058, 1061 (7th Cir. 1981). Plaintiffs argue that the credentialing documents are relevant to their claim under the Rehabilitation Act, and therefore, federal law applies. Docket No. 24 at 6. ORHS and Norwood counter that the information in Norwood's credentialing file is only relevant to Plaintiff's state law claims, and therefore, the state law applies. Docket Nos. 25 at 11 and 26 at 9.

[4] Defendants objected to producing a number of documents, not just Norwood's credentialing documents, on the basis of similar "peer review" privilege statutes in Pennsylvania and Delaware. *Daddio*, 2:05-cv-441-BMS, Docket No 24 at 12-15.

law claims or the single Rehabilitation Act claim.[5] If Judge Schiller determines that state law controls, he is well-qualified to apply the privilege law of any state.

Although discovery disputes are normally heard in the district in which the discovery is being sought, deferral to Judge Schiller is appropriate. All parties have agreed to the venue of the Eastern District of Pennsylvania. All parties have been participating in a coordinated discovery plan, and have agreed that a single judge would resolve discovery issues common to all cases. Further, it is unclear whether Judge Schiller intended his December 23, 2005 ruling (that Norwood's credentialing file is not discoverable) as the disposition of any issue before this Court.[6]

The only matter pending in this district under case number 6:05-cv-1499-Orl-19JGG is the motion to compel. For the reasons stated above, this Court abstains from ruling on the motion [Docket No. 24], and the clerk shall terminate the motion. Any party or non-party seeking protection of the information sought in the ORHS subpoena shall file and serve a motion for a protective order in the Eastern District of Pennsylvania pursuant to Fed. R. Civ. P. 26(c) and the Advisory Committee

---

[5] Moreover, the Eastern District of Pennsylvania may revisit the issue of subject matter jurisdiction. These cases remain pending by a tenuous strand because they primarily comprise state law issues pendent to a weak federal Rehabilitation Act claim. Judge Schiller denied Defendants' motion to dismiss the Rehabilitation Act claim as to the Nemours Foundation, but granted the motion to dismiss as to Norwood. Docket No. 27-3 at 6. Judge Schiller ruled that the dismissal of the Rehabilitation Act claim was "premature at this time," calling the claim "a matter of first impression." *Id.* at 5, ¶ j. While the Rehabilitation Act claim survived the motion to dismiss, Judge Schiller has stated that the issue of supplemental jurisdiction will be "revisited at the summary judgment stage" in the Pennsylvania cases. Docket No. 27-2 at 3. In opposing the motion to compel in this Court, Defendants argue that the Rehabilitation Act claim has been "manufactured in an attempt to create federal court jurisdiction to try to circumvent strong state privileges protecting peer review documents." Docket No. 26 at 9.

[6] Judge Schiller is also well-qualified to adjudicate Defendants' objection that all "discovery related to The Nemours Foundation's operations in Florida" is not relevant. *Daddio*, 2:05-cv-441-BMS, Docket Nos. 23, 24 at 25-26.

Notes. Nothing in this order alters Judge Schiller's December 23, 2005 order or any other discovery rulings.

DONE and ORDERED in Orlando, Florida on January 26th, 2006.

James G. Glazebrook
United States Magistrate Judge

Copies furnished to:
The Honorable Patricia C. Fawsett, Chief Judge
Counsel of Record
Unrepresented Parties

The Honorable Berle M. Schiller
United States District Court for the Eastern District of Pennsylvania
United States Courthouse
601 Market Street
Philadelphia, PA 19106